United States District Court
Southern District of Texas
**ENTERED**

October 28, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WILLIAM LEVI PIPES,                 §
                                    §
            *Petitioner*,           §
                                    §
v.                                  §          CIVIL ACTION NO. H-20-4294
                                    §
BOBBY LUMPKIN,                      §
                                    §
            *Respondent.*           §

### MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed a habeas petition challenging the deadly weapon finding in his 2017 Montgomery County conviction and 30-year sentence for driving while intoxicated third offense or more. Respondent filed a motion for summary judgment predicated on expiration of limitations (Docket Entry No. 8), to which petitioner filed a response (Docket Entry No. 16).

Having considered the motion, the response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this lawsuit as barred by limitations.

### *Background and Claims*

Petitioner pleaded guilty to driving while intoxicated third offense or more in Montgomery County, Texas, and was sentenced to 30 years' imprisonment on February 16, 2017. The plea included a deadly weapon finding. Petitioner's application for state

habeas relief, filed with the state trial court no earlier than September 18, 2019, was denied by the Texas Court of Criminal Appeals on September 2, 2020.

Petitioner filed the instant federal habeas petition on December 14, 2020, raising claims for ineffective assistance of counsel.  He additionally challenges the deadly weapon finding as unsupported in the record.  Respondent argues that petitioner's claims are barred by the applicable one-year statute of limitations.  Petitioner contends that his petition is timely because he is actually innocent of the deadly weapon finding.

### *Limitations*

The petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(l)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(l)–(2).   Respondent argues that the date limitations began to run in this case was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced on February 16, 2017, and no appeal was taken. Consequently, his conviction became final for purposes of AEDPA limitations thirty days later on March 16, 2017, and limitations expired one year later on March 16, 2018. Petitioner's application for state habeas relief, filed on September 18, 2019, was filed after expiration of the AEDPA limitation and had no tolling effect.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).   Therefore, the instant federal petition, filed on December 14, 2020, is untimely and barred by limitations.

Petitioner does not disagree that his federal petition was untimely filed.  He claims, however, that he is entitled to equitable tolling of limitations premised on actual innocence.  According to petitioner, he is actually innocent because there is no evidence in the record supporting the deadly weapon finding.[1]

---

[1]The Court will not construe this claim as a "free standing" claim of actual innocence, as such claims are not cognizable on federal habeas review.  *See Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003).

3

The Supreme Court holds that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  To prevail under *McQuiggin*, a petitioner must make a credible showing of actual innocence, which requires him to produce new evidence sufficient to persuade the court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  To be credible, such a claim requires a showing of new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.  *Schlup*, 513 U.S. at 324.  "Actual innocence" means factual innocence and not legal insufficiency of the evidence.  *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).

Petitioner fails to cite to any evidence in his petition or summary judgment response showing he satisfies the demanding actual innocence standard, nor does he provide any newly discovered evidence of factual innocence. The deadly weapon indictment allegation and finding in petitioner's case was based not on his exceeding the posted speed limit, but on his operating a motor vehicle while intoxicated.  Moreover, petitioner voluntarily and knowingly pleaded guilty to the offense as indicted.  (Docket Entry No. 9-2, p. 105.)  In his judicial confession, petitioner pleaded guilty and true to everything alleged in the indictment, including the allegation that he used a deadly weapon during commission of the offense, namely a motor vehicle.  *Id*.  Petitioner's

4

guilty plea constitutes evidence in the record of the criminal offense and use of a deadly weapon, and is sufficient to support the deadly weapon finding.  It is long settled under Texas law that a judicial confession, standing alone, is sufficient evidence to sustain a non-capital conviction.  *See Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979).

Petitioner establishes no entitlement to equitable tolling, nor has he shown that he was subject to state action that impeded him from filing the instant petition in a timely manner.  *See* 28 U.S.C. § 2244(d)(1)(B).  He further fails to show a newly recognized constitutional right upon which his petition is based.  *See* 28 U.S.C. § 2244(d)(1)(C). Accordingly, there is no statutory or other basis to save petitioner's untimely federal petition.  Respondent is entitled to summary judgment dismissing the habeas petition as barred by limitations.

### *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 8) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE as barred by limitations.  Any and all pending motions are DENIED AS MOOT.  A certificate of appealability is DENIED.

Signed at Houston, Texas, on October  28  , 2021.

Gray H. Miller
Senior United States District Judge

5